IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| NAKAWATASE, WYNS & ASSOCIATES, INC., | ) | Case No. 10 B 42302 |
| | ) | |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | **Hearing Date:** March 5, 2013 |
| | ) | **Hearing Time:** 9:30 a.m. |
| | ) | **Courtroom:** 744 |

## COVER SHEET FOR SECOND AND FINAL FEE APPLICATION
## AND REIMBURSEMENT OF EXPENSES OF ALAN D. LASKO & ASSOCIATES, P.C.

| | |
|---|---|
| Name of Applicant: | Alan D. Lasko & Associates, P.C. |
| Authorized to Provide Professional Services to: | Frances F. Gecker, Chapter 7 Trustee of the Estate of NAKAWATASE, WYNS & ASSOCIATES, INC. |
| Period for Which Compensation is Sought: | June 16, 2011 through January 3, 2013 |
| Amount of Fees Sought: | $    7,971.30 |
| Amount of Expense Reimbursement Sought: | $    38.30 |
| This is a: | Second and Final Fee Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $4,684.57.

{NAKAWATA/001/00033573.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| NAKAWATASE, WYNS & ASSOCIATES, ) | Case No. 10 B 42302 |
| INC., ) | |
| ) | Honorable Eugene R. Wedoff |
| Debtor. ) | |
| ) | **Hearing Date:**    March 5, 2013 |
| ) | **Hearing Time:**    9:30 a.m. |
| ) | **Courtroom:**        744 |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT** on **March 5, 2013, at 9:30 a.m.**, we shall appear before the Honorable Eugene R. Wedoff, in the courtroom usually occupied by him, at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **Second and Final Fee Application of Alan D. Lasko & Associates, P.C. For Allowance of Compensation And Expenses**, a copy of which is attached.

Dated: January 30, 2013

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of NAKAWATASE, WYNS & ASSOCIATES, INC.,

By: __/s/___ _Zane L. Zielinski_
One of Her Attorneys

Zane L. Zielinski (IL ARDC #6278776)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60610
Tel.: (312) 276-1400
Fax: (312) 276-0035

{NAKAWATA/001/00033573.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Nakawatse, Wyns & Associates, Inc. ) | No. 10 B 42302 |
| ) | |
| 36-2588652 ) | Chapter 7 |
| Debtor ) | |
| ) | Hon. Eugene R. Wedoff |

SECOND AND FINAL APPLICATION
OF ALAN D. LASKO & ASSOCIATES, P.C.
FOR ALLOWANCE COMPENSATION AND EXPENSES

ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C., Certified Public Accountants, request second and final compensation of $7,971.30 and expenses of $38.30 for the time period from June 16, 2011 through January 30, 2013. A detail is provided herein for the Estate, which identifies by subject matter the services performed by the Applicant. Additional detail is provided to reflect the function and individual performing said services. Lastly, each individual's classification and hourly rate is also reflected. In addition, attached is the Affidavit pursuant to Bankruptcy Rule 2016.

## INTRODUCTION

This Court has jurisdiction over this Second and Final Fee Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## NAKAWATASE, WYNS & ASSOCIATES, INC.

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's associates and other employees, or (b) any compensation another person or party has received or may receive in these cases.

## GENERAL

The Debtor filed a petition under Chapter 7 on or about September 22, 2010 and a trustee was appointed. On February 23, 2011, Alan D. Lasko & Associates, P.C. was approved by the Court as the accountants for the Trustee. Reflected in this Fee Application is the Applicant's time for the preparation of the Estate's 2011 final income tax returns and respond to a number of Internal Revenue Service and State Unemployment Tax notices.

## NAKAWATSE, WYNS & ASSOCIATES, INC.

**FEE APPLICATION**

The fees sought by this Second and Final Fee Application reflect an aggregate of 49.6 hours of ADLPC's time spent and recorded in performing services during the Second and Final Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which second and final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

3

## NAKAWATSE, WYNS & ASSOCIATES, INC.

### **BREAKDOWN BY CATEGORIES**

The categories in this Application as listed below:

### **BILLING**

The Applicant has incurred 1.2 hours in the preparation of this fee Application.

    Cost            $113.00

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 0.2 | $ 270.00 | $ 54.00 |
| C. Wilson, Staff | 1.0 | 59.00 | 59.00 |
|  | 1.2 |  | $ 113.00 |

### **TAX PREPARATION – FINAL 2011**

The Applicant incurred 16.0 hours in the preparation of the Estate's year 2011 workpapers and final year-end tax returns.

The work also included the following:

- Summarized Trustee's Forms 2.
- Reviewed Bankruptcy Schedules.
- Estimated time to prepare Estate's final information tax returns.
- Prepared the year 2011 information tax returns.

    Cost            $2,214.40

4

NAKAWATSE, WYNS & ASSOCIATES, INC.

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 3.8 | $ 270.00 | $ 1,026.00 |
| D. Konomidis, Tax Supervisor | 1.1 | 184.00 | 202.40 |
| L. Li, Accounting Supervisor | 1.9 | 180.00 | 342.00 |
| J. Lasko, Staff | 9.2 | 70.00 | 644.00 |
|  | 16.0 |  | $ 2,214.40 |

## RESPSOND TO TAX AUTHORITIES

The Applicant incurred 23.0 hours in working with and responding to the Internal Revenue Service, the Illinois Unemployment Department, the Indiana Department of Revenue notices and the Illinois Department of Revenue notices.

Cost          $4,317.50

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 0.9 | $ 275.00 | $ 247.50 |
| D. Konomidis, Tax Supervisor (Post 07/01/12) | 0.9 | 188.00 | 169.20 |
| D. Konomidis, Tax Supervisor (Pre 07/01/12) | 21.2 | 184.00 | 3,900.80 |
|  | 23.0 |  | $ 4,317.50 |

## TAX PREPARATION – AMENDED 2011

The Applicant incurred 3.6 hours in the preparation of the amended return for 2011. The reason for the amended return was that the Trustee had other matters to complete that was not anticipated when the original final year 2011 returns were completed.

Cost          $563.70

5

## NAKAWATASE, WYNS & ASSOCIATES, INC.

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 1.5 | $ 275.00 | $ 412.50 |
| J. Lasko, Staff | 2.1 | 72.00 | 151.20 |
|  | 3.6 |  | $ 563.70 |

### TAX PREPARATION – 2012 FINAL

The Applicant incurred 5.8 hours in the preparation of the final year 2012 federal and state income tax returns.

    Cost        $762.70

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 1.7 | $ 275.00 | $ 467.50 |
| J. Lasko, Staff | 4.1 | 72.00 | 295.20 |
|  | 5.8 |  | $ 762.70 |

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

| Owner | $270 | - | $275 |
|---|---|---|---|
| Manager/Director | 220 | - | 270 |
| Supervisors | 160 | - | 220 |
| Senior | 120 | - | 160 |
| Assistant | 65 | - | 120 |

6

## NAKAWATSE, WYNS & ASSOCIATES, INC.

To provide an orderly and meaningful summary of the services rendered by ADLPC in accordance with its employment, ADLPC has summarized the services provided by the project billing categories for its second and final fee period are as follows:

| Recap by Project | Second Interim Application |
|---|---|
| Billing | $ 113.00 |
| Tax Preparation Work | 2,214.40 |
| Respond to Tax Authorities | 4,317.50 |
| Tax Preparation - Amended 2011 | 563.70 |
| Tax Preparation - 2012 Final | 762.70 |
| Net Request | $ 7,971.30 |

| Recap by Hour | Hours | Amount | Blended Rate |
|---|---|---|---|
| Billing | 1.2 | $ 113.00 | $ 94.17 |
| Tax Preparation Work | 16.0 | 2,214.40 | $ 138.40 |
| Respond to Tax Authorities | 23.0 | 4,317.50 | $ 187.72 |
| Tax Preparation - Amended 2011 | 3.6 | 563.70 | $ 156.58 |
| Tax Preparation - 2012 Final | 5.8 | 762.70 | $ 131.50 |
| | 49.6 | $ 7,971.30 | $ 160.71 |

The Applicant has received its First Interim Application for the time period of February 23, 2011 through June 15, 2011 for compensation of $4,665.00 and expenses of $19.57.

## EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except

7

**NAKAWATSE, WYNS & ASSOCIATES, INC.**

for representation of that particular client. It is the Firm's policy to charge its client only the amount actually incurred by the Firm in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

|  | Tax Preparation | Amended Return | Total |
|---|---|---|---|
| Recap |  |  |  |
| Copy costs | $ 8.00 | $ 14.30 | $ 22.30 |
| Delivery | 8.00 | 8.00 | 16.00 |
|  | $ 16.00 | $ 22.30 | $ 38.30 |

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. ADLPC has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.

8

 (A) the time spent on such services;

 (B) the rates charged for such services;

 (C) whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

 (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

 (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this Second and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity,

9

importance, and nature of the issues involved. As shown by this Second and Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended, was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the second and final compensation sought herein for the Compensation Period is warranted.

### CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate. Therefore, the requested second and final compensation of $7,971.30 and expenses of $38.30 should be allowed for services by your Applicant for the period June 16, 2011 through January 30, 2013.

_____
Alan D. Lasko

Alan D. Lasko & Associates, P.C.
29 South LaSalle Street
Suite 1240
Chicago, Illinois 60603
(312) 332-1302

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
)
Nakawatse, Wyns & Associates, Inc. ) No. 10 B 42302
)
   36-2588652 ) Chapter 7
   Debtor )
) Hon. Eugene R. Wedoff

## AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016

STATE OF ILLINOIS)
                ) SS.
COUNTY OF COOK )

I, Alan D. Lasko, being first duly sworn on oath, depose and state as follows:

1. I am the owner of the Firm ALAN D. LASKO & ASSOCIATES, P.C. ("Lasko") and I am authorized to execute this Affidavit on behalf of Lasko. Lasko is the Court-approved accountants for Frances Gecker, Chapter 7 Trustee in this case ("Trustee").

2. I have read the Second and Final Application of Lasko, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Lasko has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3. Lasko has previously received payments for services rendered in connection with this case from the Trustee. Lasko has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

4. The Applicant has received its First Interim Application for the time period of February 23, 2011 through June 15, 2011 for compensation of $4,665.00 and expenses of $19.57.

11

FURTHER AFFIANT SAYETH NOT.

_____
Alan D. Lasko

Subscribed and Sworn to before me
this ___30th___ day of January, 2013.

_____
Notary Public

OFFICIAL SEAL
CLAUDETTE WILSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/10/16

## CERTIFICATE OF SERVICE

The undersigned attorney states that on January 30, 2013, he caused a copy of the **Notice Of Hearing** and **the Second and Final Fee Application of Alan D. Lasko & Associates, P.C. For Allowance of Compensation And Expenses** to be electronically filed with the Northern District of Illinois Bankruptcy Court. Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System. A copy also was served this day upon each of the parties who have filed a claim in the bankruptcy case listed on the attached Service List, by first class U.S. mail, postage prepaid which represents all creditors that the Trustee has identified.

By: _____ /s/ *Zane L. Zielinski* _____

## SERVICE LIST

*In Re Nakawatase, Wyns & Associates, Inc.; Case No. 10-42302*

| | | |
|---|---|---|
| **VIA ELECTRONIC NOTICE**<br>Patrick S. Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St, Room 873<br>Chicago, IL 60604 | **VIA ELECTRONIC NOTICE**<br>John E Gierum<br>Gierum & Mantas<br>9700 W Higgins Rd, Ste 1015<br>Rosemont, IL 60018<br>*Debtor's Counsel* | 205 Chicago Partners, LLC<br>205 W. Wacker Drive<br>Chicago, IL 60606 |
| Illinois Department of Employment Security<br>33 South State Street 10th Floor<br>Chicago, IL 60603 | Alan D Lasko<br>Alan D Lasko & Associates Pc<br>29 South Lasalle Street<br>Chicago, IL 60603 | Everbank Commercial Finance<br>1700 Lincoln St.<br>Dept. 1608<br>Denver, CO 80291 |
| Dynacept, Inc.<br>2250 E. Devon Ave.<br>Suite 218<br>Des Plaines, IL 60018 | Department of Treasury<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101 | General Electric Capital Corp.<br>1010 Thomas Edison Blvd. SW<br>Cedar Rapids, IA 52404 |
| Imaging & Printing Corp.<br>205 W. Wacker Dr.<br>Suite 322<br>Chicago, IL 60606 | O'Brien & Associates, Inc.<br>1235 E. Davis St.<br>Arlington Heights, IL 60005 | Pioneer Engineering & Environmental<br>700 N. Sacramento Blvd., Suite 101<br>Chicago, IL 60612 |

{NAKAWATA/001/00033573.DOC/}